# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NICHOLAS DAHLKE,**

      **Plaintiff,**

v.                                         Case No. 25-CV-1422

**ALADDIN FOOD MANAGEMENT SERVICES LLC,**

      **Defendant.**

## DECISION AND ORDER

**1. Background**

Nicholas Dahlke filed this civil rights action against his former employer, Aladdin Food Management Services LLC. (ECF No. 1.) Now pending before the court is Aladdin's motion to dismiss all three of Dahlke's claims (discrimination, failure to accommodate, and retaliation). (ECF No. 6.) Aladdin contends that Dahlke failed to (1) exhaust his administrative remedies, (2) state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and (3) make separate and distinct allegations in accordance with Federal Rule of Civil Procedure 10(b). (ECF No. 6 at 4–7.)

Both parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 3, 8.) The motion is fully briefed and ready for resolution.

2. Facts

At the motion to dismiss stage the court accepts all well-pled facts as true and so summarizes the following facts from the plaintiff's complaint.

Dahlke has eight disabilities that each substantially limits one or more of his major life activities. (ECF No. 1, ¶¶ 6–7.) He began working for Aladdin as a Cook II in August 2023. (*Id.*, ¶ 12.) Until mid-to-late January 2024 Aladdin accommodated his disabilities by providing him with a reduced workload and extra time to perform his tasks. (*Id.*, ¶¶ 17, 19.)

In mid-to-late January 2024 Aladdin hired a new head chef, who directed Dahlke's work. (ECF No. 1, ¶¶ 20–22.) Shortly thereafter, the head chef and Aladdin changed Dahlke's job responsibilities from cooking and food preparation to cleaning and organizing. (*Id.*, ¶ 24.) Dahlke was the only Cook II to have his job duties changed in this manner. (*Id.*, ¶ 25.)

The head chef criticized the speed at which Dahlke performed his job. (ECF No. 1, ¶ 27.) On two occasions Dahlke informed the head chef of his disabilities and the manner in which Aladdin had previously accommodated them. (ECF No. 1, ¶¶ 28, 30.) Both times the head chef responded by asking Dahlke why he was providing him with information about his disabilities and accommodations. (*Id.*, ¶¶ 29, 31.)

Dahlke complained to Aladdin about the head chef changing his job duties and removing his accommodations. (ECF No. 1, ¶¶ 35–37.) Aladdin took no action and

2

refused to accommodate Dahlke's disabilities. (*Id.*, ¶¶ 37–38.) Aladdin terminated Dahlke's employment on March 6, 2024. (*Id.*, ¶ 41.)

Dahlke received a right to sue letter from the Equal Employment Opportunity Commission (EEOC) on June 18, 2025. (ECF No. 1, ¶ 42.) He filed the present complaint on September 16, 2025, alleging three violations of the Americans with Disabilities Act (ADA): (1) discrimination on the basis of his disabilities, (2) failure to accommodate his disabilities, and (3) retaliation for his opposition to discrimination in the workplace. (*See id.*, ¶¶ 43–48.)

3. Analysis

3.1. Administrative Prerequisites

Before filing suit in federal court under the ADA a plaintiff must (1) file a timely charge of discrimination with the EEOC, and (2) receive a right to sue letter from the EEOC. *See Anderson v. United Airlines, Inc.*, 140 F.4th 385, 390 (7th Cir. 2025); *see also* 42 U.S.C. § 12117(a) (adopting the enforcement procedures governing actions under Title VII of the Civil Rights Act for plaintiffs alleging discrimination under the ADA).

Aladdin argues that Dahlke cannot establish he exhausted[1] his administrative remedies because the EEOC charge is outside the pleadings and was not incorporated

---

[1] The term "exhaustion" is commonly misused in this context. The ADA does not require exhaustion because a plaintiff is not required to obtain a ruling on the merits from the agency. *See Williams v. Milwaukee Health Servs., Inc.*, 732 F.3d 770, 771 (7th Cir. 2013) (addressing the Title VII context); *see also* 42 U.S.C. § 12117(a) (adopting Title VII's procedures related to the filing of an EEOC charge in the ADA context). He simply must timely file the charge and obtain a right to sue letter, "signifying that the agency has decided not to exercise its prerogative to sue on behalf of the complainant." *Williams*, 732 F.3d at 771.

into the complaint. (ECF No. 12 at 1–2.) Dahlke attached his EEOC charge and right to sue letter to his brief in opposition to Aladdin's motion to dismiss. (ECF Nos. 11-1, 11-2.)

Failure to file a timely charge with the EEOC is an affirmative defense that a plaintiff need not plead in the complaint. *See Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 758 (N.D. Ill. 2020) (citing *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007)). Courts can consider an EEOC charge attached to a plaintiff's brief in response to a motion to dismiss if the plaintiff referenced it in the complaint and it is central to the plaintiff's claim(s). *See Elzeftawy*, 477 F. Supp. 3d at 758–59. While indirect, Dahlke referenced the EEOC charge in the complaint by stating that all "conditions precedent" were fulfilled because he received a right to sue letter from the EEOC. (ECF No. 1, ¶ 42.) Dahlke would not have received a right to sue letter had he not first filed a charge with the EEOC. "And there is no question that a document purporting to be a charge with the EEOC is central to [a plaintiff's] ADA claims." *Elzeftawy*, 477 F. Supp. 3d at 759. Aladdin does not challenge the authenticity of the EEOC charge Dahlke provided. (*See generally* ECF No. 12.) Therefore, in considering Aladdin's motion to dismiss the court will consider Dahlke's EEOC charge. *See Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022) (observing that courts "may consider documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim").

Aladdin argues that, even if Dahlke's EEOC charge is considered, it does not establish that he properly raised the failure to accommodate and retaliation claims

4

identified in his federal complaint. (*See* ECF No. 6 at 4–5; ECF No. 12 at 2–3.) Dahlke contends that he adequately pleaded, and in fact satisfied, all conditions precedent because he obtained a right to sue letter from the EEOC. (*See* ECF No. 10 at 2–3.)

Even with a right to sue letter, a plaintiff can only pursue in federal court those claims that he presented to the EEOC. *See Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). This presentment is satisfied if the claim was explicitly identified or "reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Id.* "Claims are reasonably related if there is a factual relationship between them," meaning that "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Kersting v. Wal-Mart Stores*, 250 F.3d 1109, 1118 (7th Cir. 2001) (quoting *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)) (emphasis in original).

In the discrimination charge that he filed with the EEOC Dahlke alleged he was "subjected to harassment and discharged" after a new manager started working for Aladdin in January 2024. (ECF No. 11-1 at 1.) He indicated that he was "discriminated against" on the basis of his disability and that the discrimination took place from January 1, 2024, until February 25, 2024. (*Id.*) Dahlke's charge makes no mention of a failure to accommodate his disabilities or of retaliation. (*See id.*)

The Seventh Circuit Court of Appeals has made it clear that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment

5

under the ADA." *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). "Therefore, they are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability." *Id.* This distinction exists because "[a] claim of differential treatment is the essence of a discrimination claim. A failure to accommodate claim, on the other hand, rests on a claim that [the plaintiff] was not treated differently because of his disability but should have been." *West v. Dejoy*, No. 22-CV-1068-WED, 2024 WL 3508452, at *4, 2024 U.S. Dist. LEXIS 129461, at *9 (E.D. Wis. July 22, 2024) (citing *DiFranco v. City of Chi.*, 589 F. Supp. 3d 909, 917 (N.D. Ill. 2022)).

The Seventh Circuit has also observed that "[n]ormally, retaliation and discrimination charges are not considered 'like or reasonably related' to one another." *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864–65 (7th Cir. 2010). A similar rationale exists: the factual evidence underlying a retaliation claim will not necessarily overlap with a discrimination claim. "To establish a retaliation claim, [a plaintiff] must demonstrate that [he] engaged in protected activity, that [he] suffered an adverse action, and that there is a causal connection between the two." *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 801 (7th Cir. 2018) (citations omitted).

Dahlke provided no factual context in his EEOC charge beyond the summary allegations that he was harassed, discriminated against, and discharged. (ECF No. 11-1 at 1.) He did not indicate that he ever requested an accommodation or otherwise engaged

6

Case 2:25-cv-01422-WED     Filed 12/22/25     Page 6 of 10     Document 13

in a protected activity. Given the lack of factual detail in the EEOC charge and the substantive differences among Dahlke's legal claims, the court cannot reasonably conclude that the accommodation and retaliation charges are related to the discrimination charge that Dahlke alleged in his EEOC charge. Because Dahlke did not present these claims to the EEOC, he cannot pursue them now. The court will dismiss without prejudice Dahlke's failure to accommodate and retaliation claims.

**3.2. Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

Aladdin argues that Dahlke's discrimination claim[2] should be dismissed under Rule 12(b)(6) because Dahlke failed to state a prima facie case and made vague and conclusory statements in the complaint. (ECF No. 6 at 6–7.) To establish a prima facie case of disability discrimination, Dahlke must allege that he was (1) a person with a disability within the meaning of the ADA; (2) qualified to perform the essential functions of his job; and (3) suffered an adverse employment action as a result of his disability. *Guzman v. Brown Cnty.*, 884 F.3d 633, 641 (7th Cir. 2018).

Aladdin does not contest that Dahlke was a person with a disability within the meaning of the ADA or his qualifications to perform the essential functions of his job. (*See generally* ECF No. 6.) Therefore, the court interprets Aladdin's brief to challenge the third element of a discrimination claim—that he suffered an adverse employment action as a result of his disability. (*See* ECF No. 6 at 7 (contending that, even reading the complaint in Dahlke's favor, the allegations "do not establish how [Aladdin] is liable for [Dahlke's] injuries, or what [his] injuries even are").)

Dahlke maintains that he adequately pled the discrimination claim because he identified his disabilities, explained how Aladdin accommodated him prior to hiring a new head chef, and described how Aladdin changed his job duties to less desirable responsibilities, thereby treating him differently than similarly situated employees. (ECF

---

[2] Aladdin argues that Dahlke also failed to state a claim related to failure to accommodate and retaliation, but the court will not address these arguments, given its decision to dismiss these counts for failure to satisfy administrative prerequisites.

No. 10 at 4.) He claims that his complaint gave Aladdin fair notice of his legal claims and supporting grounds. (ECF No. 10 at 4–5.)

But Dahlke does not clearly identify what adverse employment action he suffered relative to his disabilities. (*See generally* ECF No. 10.) Although he alleges he was discriminated against based on his disabilities, and then later alleges that he was terminated, he does not specifically allege that he was terminated because of his disabilities. Therefore, he did not state a prima facie case for discrimination related to his termination.

A job reassignment may also qualify as an adverse action. *See Burrell v. United Parcel Serv., Inc.*, 163 F. Supp. 3d 509, 525 (N.D. Ill. 2016) ("Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and 'should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'") (quoting *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006)). However, Dahlke does not allege that the reassignment happened as a result of his disability. (*See generally* ECF No. 1.) He mentions that the head chef criticized the speed at which Dahlke worked and refused to discuss his disabilities and accommodations. (*See* ECF No. 1, ¶¶ 24, 27–31.) But Dahlke never suggests that the reassignment was connected to these issues or otherwise based on his disabilities. (*See generally* ECF No. 1.) Because Dahlke does not allege causation, he has not stated a prima facie case for discrimination.

4. Conclusion

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss (ECF No. 6) is **granted**. All three of Dahlke's claims are hereby dismissed without prejudice. If Dahlke believes he can address the fatal issues identified herein, he may file an amended complaint **within twenty-one (21) days of this order**.

Dated at Milwaukee, Wisconsin this 22nd day of December, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge